**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RICHARD POWELL,<br><br>                          Plaintiff,<br>v.<br>DARLENE HOLYFIELD KING,<br><br>                          Defendants. | 3:19-cv-00223-MMD-CBC<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |

Before the Court is Plaintiff Richard Powell's ("Powell"), original and amended application to proceed *in forma pauperis* (ECF Nos. 1, 8), his *pro se* civil rights complaint (ECF No. 1-1), his motions for subpoenas (ECF Nos. 1-2, 9), and his motion for transcript (ECF No. 6). For the reasons stated below, the Court recommends that Powell's original *in forma pauperis* application (ECF No. 1) be denied as moot, that the amended *in forma pauperis* application (ECF No. 8) be granted, that his complaint (ECF No. 1-1) be dismissed with prejudice, and that the motions for subpoenas and motion for transcript (ECF Nos. 1-2, 6, 9) be denied as moot, in light of this Report and Recommendation.

**I.   *IN FORMA PAUPERIS* APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Powell cannot pay the filing fee; therefore, the Court recommends that the application (ECF No. 8) be granted. Powell's first filed application (ECF No. 1) should be denied as moot.

## II.  SCREENING STANDARD

Prior to ordering service on any defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigation proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (ii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915€(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this

statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**III.   SCREENING OF COMPLAINT**

In his complaint, Powell sues Defendant Darlene Holyfield King ("King") under 42 U.S.C. § 1983. (*See* ECF No. 1-1.) Powell alleges the following: On February 5, 2019, Powell was served a notice to appear in court on a violation of a temporary restraining order.

(*Id.* at 2.) On February 14, 2019, Powell appeared before a judge in Reno Municipal Court and testified about the contact between himself and King. (*Id.*) Powell stated under oath that he and King had a relationship and first contact by King was on December 27, 2018 and continued until January 26, 2019. (*Id.*) When King was questioned under oath, she lied about "not having any contact at all" and therefore "perjured herself." (*Id.* at 2-4.) Based on these allegations, Powell asserts unspecified civil rights have been violated through King's "perjury while under oath" and seeks monetary damages. (*Id.* at 2-3.)

Claims under 42 U.S.C. § 1983 require a plaintiff to allege (1) the violation of a federally-protected right by (2) a person or official who acts under the color of state law. *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). Powell does not identify which constitutional rights are implicated by the events alleged, but merely states that his rights were violated. While a "complaint need not pin plaintiff's claim for relief to a precise legal theory," defendants must be given fair notice of the claims such that they may defend themselves effectively. *Kirkpatrick v. Cnty. of Washoe*, 792 F.3d 1184, 1191 (9th Cir. 2015) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). Powell's plain statements, paired with his conclusory legal allegations, are inadequate. Further, private parties, such as Defendant King, are generally not acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). Powell does not provide any allegations that suggest King was acting under color of state law when she testified in the Reno Municipal Court.

Accordingly, the Court, recommends that the complaint be dismissed with prejudice, as amendment would be futile. *See Cato*, 70 F.3d at 1106.

Because the Court recommends that the complaint be dismissed with prejudice, the Court recommends that Powell's other pending motions (ECF Nos.1-2, 6, 9) be denied as moot.

## IV.   CONCLUSION

For the reasons articulated above, the Court recommends that Powell's original application to proceed *in forma pauperis* (ECF No. 1) be denied as moot, Powell's amended

application to proceed *in forma pauperis* (ECF No. 8) be granted, Powell's complaint (ECF No. 1-1) be dismissed with prejudice, and the motions for subpoenas and motion for transcript (ECF Nos. 1-2, 6, 9) be denied as moot, in light of this Report and Recommendation.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Powell's original application to proceed *in forma pauperis* (ECF No. 1) be **DENIED** as moot and Powell's amended application to proceed *in forma pauperis* (ECF No. 8) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** Powell's complaint (ECF No. 1-1);

**IT IS FURTHER RECOMMENDED** that Powell's complaint (ECF No. 1-1) be **DISMISSED WITH PREJUDICE**; and

**IT IS FURTHER RECOMMENDED** that Powell's motions for subpoenas and motion for transcript (ECF Nos. 1-2, 6, 9) be **DENIED** as moot, in light of this Report and Recommendation.

**DATED:** October 4, 2019.

_____
**UNITED STATES MAGISTRATE JUDGE**